UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PLAINTIFF 1-67,633, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-330 |
| | § | |
| TRANS UNION, LLC, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

On October 20, 2010, this Court considered Plaintiffs' Emergency Motion to Remand and Brief.  (D.E. 3.)  For the reasons stated below, the Court GRANTED Plaintiffs' timely motion to remand on procedural grounds.  This action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the Justice of the Peace Court (Precinct 5, Place 1) in Nueces, County, Texas, where it was originally filed and assigned Cause No's 210-CVM-00001-JP5-1 to 2010-CVM-67,633-JP5-1.

**I.  Background**

This matter stems from litigation that began in 1999, when putative class action lawsuits were filed throughout the country alleging that Defendant Trans Union, a credit bureau, violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.  The case was ordered into Multidistrict Litigation (MDL) in the U.S. District Court for the Northern District of Illinois.  In 2008, a nationwide class action settlement was reached in the MDL. (D.E. 1, p. 2-3.)  Pursuant to the MDL Court's Settlement Order, class members retained rights to assert certain individual

claims ("Post-Settlement Claims"), though were barred from bringing those claims as a "class action," "joined action," or "aggregated action."[1]

The Watts Firm represents 69,608 individual MDL plaintiffs bringing "Post-Settlement Claims" against Defendant. (D.E. 3, p. 1.) On September 7, 2010, the Watts Firm filed 67,633 original petitions on behalf of 67,633 of these plaintiffs in the Justice of the Peace Court in Nueces County, Texas. On September 15, Defendant was served with an electronic hard-drive containing the 67,633 original petitions. Each petition brings a claim under the FCRA. Each is substantively identical but has distinct names and addresses for each plaintiff. (D.E. 1, p. 1.) The Justice of the Peace Court assigned each petition an individual cause number.

On October 15, 2010, Trans Union attempted to remove these 67,633 civil actions to this Court based on federal question jurisdiction, styling the action as <u>Plaintiff 1-67,633 v. Trans Union</u>, Case No. 2:10-cv-330. Defendant filed only one notice of removal and paid only one filing fee of $350 for all 67,633 actions. Defendant did not attach any of the original petitions or include the names of the individual plaintiffs.

On October 17, 2010, Plaintiffs timely sought remand on procedural grounds, filing an "Emergency Motion to Remand" contending that Defendant failed to properly remove the 67,633 actions from the Justice of the Peace Court. (D.E. 3, p. 12.) On October 20, 2010, this Court held a telephonic hearing addressing Plaintiffs' Motion to Remand and granted said Motion.

---

[1] The MDL Court's Order specifically defines "aggregated action" as "any action in which two or more individual plaintiffs assert claims relating to the same or similar alleged conduct." (D.E. 1, Ex. 1 (Final Approval Order), ¶1(b).)

## II.   Discussion

### A.   Removal Generally

A defendant may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. See 28 U.S.C. § 1441(a). A court, however, "must presume that a suit lies outside its limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001); see also Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). In evaluating the propriety of a removal, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723; see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.").

A removing defendant must comply with the removal procedures outlined in 28 U.S.C. § 1446. The defendant must file with the district court "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." §1446(a). The notice of removal "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b) (emphasis added). "[T]he requirement for timely filing a petition for removal is mandatory." Cervantez v. Bexar County Civil Serv. Comm'n, 99 F.3d 730, 732 (5th Cir. 1996) (citing Courtney, II v. Benedetto, 627 F. Supp. 523, 527 (M.D. La. 1986)). The "[c]ourt cannot extend it and the parties may not accomplish the same result by stipulation." Pace v.

Chevron U.S.A., Inc., 1993 U.S. Dist. LEXIS 9295, *1 (E.D. La. 1993) (citing Albonetti v. GAF Corp-Chem. Group, 520 F. Supp. 825, 827 (S.D. Tex. 1981)).

### B.   Remand Due to Procedural Defects

"Section 1447(c) provides two grounds for remand of a case to state court: (1) a defect in removal procedure and (2) lack of subject matter jurisdiction." Burks v. Amerada Hess Corp., 8 F.3d 301, 303 (5th Cir. 1993). "[P]rocedural defects in the removal may be waived by a failure to timely object within the thirty-day period after the filing of the removal petition, as provided by § 1447(c)." Macri v. M & M Contractors, 897 F. Supp. 381, 384 (N.D. Ind. 1995); see also In re Allstate Ins. Co., 8 F.3d 219, 222-23 (5th Cir. 1993) (procedural defect must be raised by motion of parties).  However, when a motion to remand has been timely filed, the removing party bears the burden of demonstrating compliance with the requirements of the removal statute. See Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Albonetti v. GAF Corporation-Chemical Group, 520 F. Supp. 825, 827 (S.D. Tex. 1981); Macri, 897 F. Supp. at 383-384.  If the removing party fails to meet this burden, the case should be remanded pursuant to § 1446(c).

### C.   Defendant's Notice of Removal Failed to Comply with § 1446

In their Emergency Motion to Remand, Plaintiffs timely seek remand on procedural grounds, contending that Defendant failed to properly remove the 67,633 civil actions represented in Defendant's notice of removal. (D.E. 3.) The Court agrees, finding Defendant's notice of removal to be fatally defective because it did not include the individual petitions for the civil actions it seeks to remove.

A notice of removal must attach a copy of all pleadings served upon the defendant in the action. 28 U.S.C. §1446(a). Defendant failed to attach the operative petitions served upon it in

the Justice of the Peace Court. Instead, Defendant attached a copy of the Second Amended Complaint from the MDL, which Defendant claims contains the same allegations. (D.E. 1, Ex. 1, p. 1.) However, the MDL litigation has since settled, and the Second Amended Complaint has no legal effect. Defendant did not attach copies of the 67,633 individual petitions containing the names and addresses of the individual plaintiffs represented in this matter. This is a violation of § 1446(a), as well as a violation of S.D. Tex. L.R. 81.2, requiring attaching all petitions asserting causes of action, and L.R. 81.6, requiring a list of "all counsel of record, including addresses, telephone numbers and <u>parties represented</u>." L.R. 81 (emphasis added). Defendant now seeks leave to file a hard copy of a disk containing the original petitions. (D.E. 7.) However, a notice of removal must be filed within thirty days of receipt of the initial pleading. <u>See</u> §1446(b). Defendant was served with Plaintiffs' original petitions alleging violations of the FCRA on September 15, 2010. Defendant did not seek leave to file the petitions until October 19, 2010, after the window to cure the defect had passed.[2]

Defendant argues that its notice of removal effectively removed 67,633 original petitions to this Court because these cases were "effectively consolidated in the Justice Court." (D.E. 1, p. 7) (citing <u>Parkhill Produce Co. v. Pecos Valley Southern Ry. Co.</u>, 196 F. Supp. 404 (S.D. Tex. 1961) (holding cases ordered consolidated into a single action by the state court could be

---

[2] "[P]rocedural rules such as the directions found in section 1446(a) are not jurisdictional and 'the failure to file all the state court papers…[is] curable in the federal court if there is a motion to remand.'" <u>In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.</u>, 399 F. Supp. 2d 340, 348 (S.D.N.Y. 2005) (citing, e.g., <u>Covington v. Indemnity Ins. Co.</u>, 251 F.2d 930, 932-33 (5th Cir. 1958) (trial court properly allowed defendant to cure omission of certain state court papers from the removal notice because the defect was merely "modal and formal," not jurisdictional)). However, "whether to allow the removing party to cure its failure to file state court records [within the required time period] is a matter committed to the discretion of the district court." <u>Yellow Transp., Inc. v. Apex Digital, Inc</u>., 406 F. Supp. 2d 1213, 1218 (D. Kan. 2005) (citing <u>St. Paul & Chicago Rwy. Co. v. McLean</u>, 108 U.S. 212, 216 (1883)); <u>see also</u> <u>Kisor v. Collins</u>, 338 F. Supp. 2d 1279, 1280-81 (N.D. Ala. 2004) (remanding case to state court when defendant failed to attach a copy of the summons to the notice of removal, after plaintiff filed a timely motion to remand); <u>Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of Am</u>., 2005 U.S. Dist. LEXIS 38971, * 12 (D. Or. July 6, 2005) (finding remand would be <u>required</u> due to defendant's failure to attach exhibits to the state court complaint, given that defendant failed to remedy the defect within the thirty-day removal period, and plaintiff timely objected within thirty days of attempted removal.)

removed to federal court); In re MBTE Prods. Liab.Litig., 399 F.Supp.2d 340, 353 (D. Md. 2005) (when cases styled as multiple actions were, in fact, a consolidated action, matter was removable)). This argument is flawed. Whether the cases were consolidated is of no consequence because, as explained, the notice of removal is procedurally defective with respect to all 67,633 cases, and the window to cure the defect has passed.

Even if Defendant had timely cured the procedural defect by attaching original petitions, the notice of removal would not remove all 67,633 cases because Defendant has failed to demonstrate that any consolidation occurred. Defendant attaches no order of consolidation and does not claim that any such order was issued. Instead, Defendant attaches a September 7, 2010 "Order of Filing," merely stating that "for all intents and purposes the above numbered and referenced cases have been filed" and referring to them in the case caption as Plaintiff 1-67,633 v. Trans Union LLC. (D.E. 1, Ex. 1.) Defendant also cites a Rule 11 Agreement relating to time to respond to the action, also apparently referring to the cases in the aggregate. (D.E. 1, p. 7.) Neither of these administrative orders constitutes an effective consolidation under Texas law.[3] And Plaintiff suggests Defendant believes it would not be able to consolidate the actions under the Texas rules.[4]

Filing a single notice of removal for multiple actions that have not yet been effectively consolidated in state court is ineffective to remove all the actions to federal court. See Larson v.

---

[3] Texas Rule of Civil Procedure 174 allows consolidation in state court by court order "[w]hen actions involving a common question of law or fact are pending before the court." Tex. R. Civ. P. 174(a). In determining whether to consolidate, the state court must "exercise a sound and legal discretion within limits created by the circumstances of the particular case" and consider whether the legal rights of the parties will be prejudiced by consolidation. In re Gulf Coast Bus. Dev. Corp., 247 S.W.3d 787, 794 (Tex. App. Dallas 2008) (citing Womack v. Berry, 156 Tex. 44, 291 S.W.2d 677, 683 (Tex. 1956); Dal-Briar Corp v. Baskette, 833 S.W.2d 612, 617 (Tex. App.--El Paso 1992, no writ)) (finding trial court abused its discretion in failing to sufficiently consider risk of prejudice to party objecting to consolidation).

[4] According to Plaintiffs, the MDL Court addressed the issue of consolidation with Defendant in an October 12, 2010 hearing. Counsel for Defendant noted that removing to federal court would require paying a huge number of filing fees. The Court replied "unless they're consolidated." But counsel for Defendant responded that they had "looked at the rules, and they're pretty difficult to get around….it looks like that would be a fruitless exercise." (D.E. 3, p. 8.)

United Natural Foods West, Inc., 2010 U.S. Dist. LEXIS 43183, * 3, 7 (D. Ariz. Apr. 13, 2010) (prior to a court order consolidating cases in accordance with state rules, a case cannot be removed as if it has been consolidated.)  Without proof of an effective consolidation, Defendant was required to file individual notices of removal for each civil action that defendant desired to remove, § 1446(a), and was required to do so within thirty days of receipt of Plaintiffs' original petitions.  § 1446(b); see also Cervantez, 99 F.3d at 732 (citing Courtney, 627 F. Supp. at 527).  Defendant did not file 67,633 notices of removal within the thirty-day window, and the only notice of removal Defendant filed was procedurally defective.  Plaintiffs filed their Motion to Remand on October 17, 2010, only two days after Defendant filed the defective removal notice and well within the thirty-day window provided by § 1447(c).  Accordingly, the Court hereby remands all 67,633 cases to the Justice of the Peace Court pursuant to § 1446(c).

### III.     Conclusion

For the reasons stated herein, the Court REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the Justice of the Peace Court (Precinct 5, Place 1) in Nueces, County, Texas, where it was originally filed and assigned Cause No's 210-CVM-00001-JP5-1 to 2010-CVM-67,633-JP5-1.

SIGNED and ORDERED this 22nd day of October, 2010.

_____
Janis Graham Jack
United States District Judge